**YANRU TANG, Petitioner,**

v.

**Michael B. MUKASEY, U.S. Attorney General,[1] Respondent.**

**No. 07–2959–ag.**

United States Court of Appeals, Second Circuit.

Feb. 27, 2008.

Gary J. Yerman, New York, NY, for Petitioner.

Jeffrey S. Bucholtz, Assistant Attorney General, Emily Anne Radford, Assistant Director, Craig A. Newell, Jr., Trial Attorney, Office of Immigration Litigation, Civil

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Acting Attorney General Peter D. Keisler as a respondent in this case.

Division, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. PETER W. HALL, and Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Petitioner Yanru Tang, a native and citizen of the People's Republic of China, seeks review of a June 15, 2007 order of the BIA affirming the November 9, 2005 decision of Immigration Judge ("IJ") Barbara A. Nelson, denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yanru Tang*, No. A96 401 239 (B.I.A. Jun. 15, 2007), *aff'g* No. A96 401 239 (Immig. Ct. N.Y. City Nov. 9, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

As an initial matter, the Government's argument that we may not consider Tang's challenge to the agency's adverse credibility finding because she did not raise it with specificity before the Board is unavailing. While the Government is correct that Tang failed to challenge the IJ's adverse credibility determination before the BIA, that failure was excused when the BIA fully addressed the adverse credibility determination in its decision. *See Xian Tuan Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 296–97 (2d Cir.2006); *Waldron v. INS*, 17 F.3d 511, 515 n. 7 (2d Cir.1993). Accordingly, we proceed to review the agency's determination that Tang was not credible.

When, as here, the BIA affirms the IJ's decision in all respects but one, we review the IJ's decision as modified by the BIA decision, i.e., "minus the single argument for denying relief that was rejected by the

BIA." *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir.2005).[2] We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Mei Chai Ye v. U.S. Dep't of Justice*, 489 F.3d 517, 523 (2d Cir.2007). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *See Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 405–06 (2d Cir.2005). Questions of law and the application of law to undisputed fact are reviewed *de novo*. *See Secaida–Rosales v. INS*, 331 F.3d 297, 307 (2d Cir.2003).

Substantial evidence supports the IJ's determination that Tang was not credible. The IJ noted significant inconsistencies between information provided by Tang during her airport and credible fear interviews, and Tang's asylum application and testimony. Thus, the IJ found that at her airport interview, Tang indicated that her problems in China stemmed from her parents' violation of "the child quota," and that she had never been arrested in China. At her credible fear interview, Tang claimed that she feared being forced to marry in China, and that her parents had been arrested in China because they had given birth to "too many children." She indicated that she was Buddhist, and made no mention that she was a Christian. The IJ reasonably found that these statements were inconsistent with Tang's asylum application and testimony, which asserted that she had been a Christian since a young age, and that she was arrested and detained in China because she helped build an underground church.

**2.** In its decision, the BIA rejected the IJ's determination that Tang had filed a frivolous asylum application and sustained her appeal as to this finding.

The records of Tang's airport and credible fear interviews indicate that the questions asked were designed to elicit the details of her asylum claim. Moreover, Tang indicated before the IJ that interpreters were provided at both interviews and that she understood the questions asked of her. *See Ramsameachire v. Ashcroft*, 357 F.3d 169, 181 (2d Cir.2004) (affirming BIA's reliance on airport interview statement in rendering adverse credibility determination where the interview was conducted carefully and in a non-coercive manner, an interpreter was provided, the alien understood the questions being asked, and the questions were "clearly designed to elicit a potential basis for an asylum claim").

Significantly, Tang does not argue that the airport and credible fear interviews were conducted in a manner that prevented her from revealing her "true" asylum claim, or that the records of those interviews are unreliable; rather, she contends that the "snakehead" told her "that she would not be released from custody, and would be immediately deported," unless she told immigration authorities that her problems in China stemmed from the family planning policy. In these circumstances, the IJ reasonably relied on the noted discrepancies in rendering her adverse credibility judgment. *See id.* at 179. The IJ was not required to credit Tang's explanation, because a reasonable factfinder would not have been compelled to do so. *See Majidi v. Gonzales*, 430 F.3d 77, 80–81 (2d Cir.2005). Moreover, contrary to Tang's argument that remand is warranted because the IJ failed to consider her explanation, the IJ was not required to expressly parse this explanation on the record to demonstrate that it was taken into account. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 337 n. 17 (2d Cir.2006) (noting that this Court "presume[s] that an IJ has taken into account all of the evidence before him, unless the record compellingly suggests otherwise").

The inconsistencies identified by the IJ were plainly substantial and go to the heart of Tang's claims for asylum. Indeed, Tang's failure to assert at her airport and credible fear interviews that she is Christian and that she helped build a Christian church casts doubt on the credibility of her testimony that she was arrested and persecuted because of her activities in connection with this church. *See Ramsameachire*, 357 F.3d at 180–81 ("Where the alien's airport statements and his or her later testimony present materially different accounts of his or her purported persecution ... the inconsistencies may render the alien's testimony incredible."). Accordingly, these findings provide substantial evidence for the IJ's adverse credibility determination.

Because the only evidence of a threat to Tang's life or freedom depended upon her credibility, the adverse credibility determination in this case necessarily precludes success on her claim for withholding of removal and CAT relief. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006); *Xue Hong Yang*, 426 F.3d at 523.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, Tang's pending motion for a stay of removal in this petition is DISMISSED as moot.